Filed 12/29/23  P. v. Porter CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINICK JEROME PORTER,<br><br>    Defendant and Appellant. | D081436<br><br><br>(Super. Ct. No. SCN226668) |


APPEAL from an order of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Matthew A. Siroka, under appointment by the Court of Appeal, for Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Donald Ostertag, and Brendon Marshall, Deputy Attorneys General, for Respondent.

## I. INTRODUCTION

Dominick Jerome Porter appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former

section 1170.95).[1]  Relying on *People v. Maldonado* (2023) 87 Cal.App.5th 1257 (*Maldonado*), Porter argues that the instructions given at his trial allowed the jury to convict him of aiding and abetting first degree lying-in-wait murder by imputing malice to him based solely on his participation in a crime.  Regardless of any instructional error that might have occurred, we affirm the judgment because Porter has not shown that he "could not presently be convicted of murder or attempted murder *because of changes* to Section 188 or 189 made effective January 1, 2019" by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).  (§ 1172.6, subd. (a)(3), italics added.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Porter and a co-defendant were charged with first degree murder (§§ 187, subd. (a), 189, subd. (a)).  The prosecution alleged Porter personally used a firearm causing death (§ 12022.53, subd. (d)) and the special circumstance that he committed the murder while lying in wait (§ 190.2, subd. (a)(15)).

At his trial in 2009, the court used modified versions on CALCRIM Nos. 520 and 521 to instruct the jury on two theories of first degree murder: (1) willful, deliberate and premeditated; and (2) lying in wait.  The court also instructed the jury on aiding and abetting using a modified version of CALCRIM No. 401.  The jury could not reach a verdict on the personal use of a firearm or the lying-in-wait special circumstance, resulting in their dismissal.  The jury nonetheless convicted Porter of first degree murder, and the court sentenced him to an indeterminate term of 25 years to life in prison.

---

[1]    All undesignated section references are to the Penal Code. Section 1170.95 was renumbered to section 1172.6, without substantive change, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to the section by its current numbering.

Porter appealed the conviction, and his counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking that we review the entire record for error. After providing Porter an opportunity to file a brief on his own behalf, we found no error and affirmed the conviction. (*People v. Porter* (June 3, 2011, D055279) [nonpub. opn.].)

In October 2019, Porter filed a petition for resentencing pursuant to section 1172.6, alleging his conviction was based on the felony murder rule or the natural and probable consequences doctrine. The court denied the petition in November 2020, finding no prima facie case for relief because Porter was not tried on either of those theories. We agreed and affirmed that ruling. (*People v. Porter* (March 29, 2021, D078242) [nonpub. opn.].)

Porter filed a second section 1172.6 petition in February 2022, which added the allegation that he was convicted under a theory of imputed malice. The court denied the second petition in November 2022, again finding no prima facie case for relief. The court acknowledged Porter's new allegation was consistent with Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), which became effective after Porter's first petition was denied and broadened the relief available under section 1172.6 to include convictions involving imputed malice. But despite the new allegation, Porter did not explain how malice was imputed to him, leading the court to conclude the second petition was barred by collateral estoppel.

Porter then filed the current appeal of the denial of his second section 1172.6 petition. Shortly thereafter, the First District issued its opinion in *Maldonado*, in which the defendant was charged with first degree murder under the same theories as Porter, and the jury was instructed with CALCRIM Nos. 401, 520, and 521. (*Maldonado, supra,* 87 Cal.App.5th at pp. 1260, 1264.) The court in *Maldonado* found that the jury instructions did

3

not clearly explain the required mental state for aiding and abetting lying-in-wait first degree murder, thus permitting a conviction based on imputed malice and establishing a prima facie case for resentencing under section 1172.6. (*Maldonado,* at pp. 1264–1269.) In their initial briefing, Porter sought reversal based on *Maldonado*, while Respondent disputed that opinion's analysis of instructional error.

After the parties' briefs had been submitted, we issued our decision in *People v. Burns* (2023) 95 Cal.App.5th 862 (*Burns*). In that opinion, we found that a different claim of instructional error was insufficient for resentencing relief because it had nothing to do with the legislative changes in Senate Bill 1437, and therefore did not meet the requirement in subdivision (a)(3) of section 1172.6 that the defendant " 'could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Burns*, at p. 867, italics omitted.) The parties did not address the application of subdivision (a)(3) in their initial briefing, so we requested supplemental briefing on the effect of our decision in *Burns*.

We then issued our opinions in *People v. Flores* (2023) 96 Cal.App.5th 1164 (*Flores*), and *People v. Berry-Vierwinden* (Dec. 6, 2023, D081861) __ Cal.App.4th __ [2023 Cal.App. Lexis 943] (*Berry-Vierwinden*). In both of those cases, we found that a claim of instructional error based on preexisting law that was not changed by Senate Bill 1437 was insufficient to state a prima facie case for resentencing under section 1172.6. (*Flores, supra,* 96 Cal.App.5th at p. 1172; *Berry-Vierwinden, supra,* [2023 Cal. Lexis 943 at pp. *18–*21].) Thereafter, the parties submitted supplemental briefing addressing our recent decisions.

## III. DISCUSSION

Porter argues the same instructional error identified in *Maldonado* occurred in his case, which allowed the jury to convict him of aiding and abetting lying-in-wait murder without finding that he personally harbored malice. He claims the malice requirement for this crime was imposed by Senate Bill 1437, so subdivision (a)(3) of section 1172.6 has been satisfied. We disagree and follow our recent decisions in *Burns*, *Flores*, and *Berry-Vierwinden*.[2]

*A. Section 1172.6*

Effective January 1, 2019, the Legislature enacted Senate Bill 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) This was accomplished by amending section 188, which defines malice, and section 189, which defines the degrees of murder. (Stats. 2018, ch. 1015, §§ 2, 3.) As relevant here, Senate Bill 1437 added subdivision (a)(3) to section 188, which states, "Malice shall not be imputed to a person based

---

[2]     As Respondent concedes, the recent decisions in *Maldonado*, *Burns*, *Flores*, and *Berry-Vierwinden* warrant reexamination of Porter's second section 1172.6 petition and render the application of collateral estoppel inappropriate. (*People v. Strong* (2022) 13 Cal.5th 698, 715–716; *People v. Farfan* (2021) 71 Cal.App.5th 942, 950.) Thus, although the trial court's application of collateral estoppel was correct at the time, we decline to uphold the denial of Porter's second petition on that ground and will address the merits of that petition. Additionally, Respondent's request for judicial notice of the closing arguments from Porter's trial is denied because those arguments are irrelevant to our determination.

solely on his or her participation in a crime." (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.)

Senate Bill 1437 also created section 1172.6, which authorizes those convicted of felony murder or murder based on the natural and probable consequences doctrine to file a petition for resentencing. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill 775 amended section 1172.6 to expand eligibility for resentencing to include, among other things, murder convictions in which malice is imputed based solely on a person's participation in a crime. (Stats. 2021, ch. 551, § 2.)

A petition under section 1172.6 must satisfy three conditions, and our analysis focuses on the third condition found in subdivision (a)(3) which is that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) After receiving a petition with the required information and appointing counsel for the petitioner if requested, the parties may submit briefing and the court holds a hearing to determine if the petitioner has made a prima facie case for relief. (§ 1172.6, subds. (b)(3), (c).) At this stage, the court may deny the petition if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971.) If the petitioner makes a prima facie showing, the court must issue an order to show cause and hold an evidentiary hearing to determine if the petitioner should be resentenced. (§ 1172.6, subds. (c) & (d)(1).)

*B. Our Recent Decisions*

In *Burns*, the defendant filed a section 1172.6 petition claiming the jury was permitted to convict him of aiding and abetting murder on a theory of imputed malice based on the " 'equally guilty' " language in the former

6

version of CALCRIM No. 400 that has since been discarded.  (*Burns, supra,* 95 Cal.App.5th at p. 866.)  All the caselaw Burns relied on to show the instructional error was decided well before the verdict in his trial, and the subsequent enactment of Senate Bill 1437 did nothing to change that law. (*Id.* at p. 867.)  We therefore found that Burns was ineligible for relief because he failed to satisfy subdivision (a)(3) of section 1172.6.  (*Ibid.*)

We reached the same result in *Flores.*  In that case, the section 1172.6 petitioner partially relied on *Maldonado* and claimed an instructional error permitted the jury to impute malice under a theory of aiding and abetting provocative act murder.  (*Flores, supra,* 96 Cal.App.5th at p. 1172.)  Because the law in effect at the time of Flores' trial already required that an aider and abettor of a provocative act murder must personally harbor malice, we found that Flores did not fulfil subdivision (a)(3) of section 1172.6 and was therefore ineligible for resentencing.  (*Id.* at p. 1173.)

We then applied *Burns* and *Flores* in *Berry-Vierwinden.*  Like Porter's case, *Berry-Vierwinden* involved a defendant charged with aiding and abetting lying-in-wait first degree murder who sought resentencing under section 1172.6 based on the instructional error identified in *Maldonado.* (*Berry-Vierwinden, supra,* [2023 Cal. Lexis 943 at p. *1.)  We found that the *Maldonado* instructional error is based on well-settled California law dating back to 2001 that a direct aider and abettor could not be convicted of lying-in-wait murder on an imputed malice theory, and Senate Bill 1437 did not change the law on that issue.  (*Berry-Vierwinden,* at pp. *18–*21.)  As such, Berry-Vierwinden did not satisfy subdivision (a)(3) of section 1172.6.  (*Ibid.*)

In all three cases, we found that by relying on the law in effect at the time of their trials, the petitioners could have raised their claimed instructional errors on direct appeal, and section 1172.6 does not create a

right to a second appeal. (*Burns, supra*, 95 Cal.App.5th at pp. 867–868; *Flores, supra*, 96 Cal.App.5th at p. 1173; *Berry-Vierwinden, supra*, [2023 Cal. Lexis 943 at p. *20.) We also distinguished *Maldonado* because it skipped the critical step of determining whether the claimed instructional error was based on changes made by Senate Bill 1437 as required under subdivision (a)(3) of section 1172.6. (*Burns, supra*, 95 Cal.App.5th at p. 868, fn. 7; *Flores, supra*, 96 Cal.App.5th 1174; *Berry-Vierwinden, supra*, [2023 Cal. Lexis 943 at p. *21.)

*C. Porter's Eligibility for Relief under Section 1172.6*

Our recent decisions confirm that to establish a prima facie case for relief, Porter must show "he could not presently be convicted of murder 'because of' the 'changes' made by Senate Bill No. 1437." (*Berry-Vierwinden, supra*, [2023 Cal. Lexis 943 at p. *18.) As we explained in *Berry-Vierwinden*, the instructional error identified in *Maldonado*, upon which Porter relies, has nothing to do with these changes. (*Berry-Vierwinden*, at pp. *18–*21.) Instead, that error is based on preexisting law that was not changed by Senate Bill 1437. (*Ibid.*) As a result, Porter has failed to show he could not presently be convicted of murder because of the changes made by Senate Bill 1437, and he is ineligible for resentencing pursuant to subdivision (a)(3) of section 1172.6.

Porter's arguments to the contrary are not convincing. First, Porter argues that before the enactment of Senate Bill 1437, malice was not required for aiding and abetting lying-in-wait murder. Porter cites *People v. Laws* (1993) 12 Cal.App.4th 786, in support of this claim, but that case merely stated that murder by means of lying in wait could be committed without intent to kill, and it recognized that implied malice was still required. (*People v. Laws, supra*, 12 Cal.App.4th at pp. 793–794.) Porter also

8

relies on *People v. Curiel*, 15 Cal.5th 433 (*Curiel*), in which the California Supreme Court stated that one of the effects of Senate Bill 1437 "was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*Curiel*, *supra*, 15 Cal.5th at p. 22].) Porter's reliance on *Curiel* is misplaced, as his claim of instructional error is not based on the natural and probable consequences doctrine and his jury was not instructed on that theory. Instead, Porter's claim is based on direct aiding and abetting. As shown by the Supreme Court's analysis in *Curiel*, the mental state required for that theory, as established in its earlier decision in *People v. McCoy* (2001) 25 Cal.4th 1111 (*McCoy*), remains the law after the enactment of Senate Bill 1437. (*Curiel, supra*, 15 Cal.5th at pp. 63–68; see also, *Berry-Vierwinden, supra*, [2023 Cal. Lexis 943 at pp. *19-*20 ["After the Supreme Court's 2001 decision in *McCoy*, it was unmistakable that a direct aider and abettor's 'mental state is her own; she is liable for her mens rea, not the other person's.' "].) Porter has therefore failed to refute our conclusion in *Berry-Vierwinden* that Senate Bill 1437 did not change the law underlying his claim of instructional error.

Second, Porter claims he could not have raised his claim of instructional error on appeal because this court reviewed the record of his conviction pursuant to *Wende* and found no arguable issues. He thus contends his jury was properly instructed at the time of his trial, and the subsequent change in the law renders the jury instructions suspect. The opinion in *Maldonado* did not change the law regarding imputation of malice. Rather, it recognized a potential instructional ambiguity based on the law that existed at the time of Porter's trial. As such, even though Porter did not have the benefit of a reported decision on the issue, he or his counsel could have raised it in his direct appeal, but they failed to do so. The fact that the

9

issue could have been raised prevents Porter from resurrecting it through a section 1172.6 petition. (*Berry-Vierwinden, supra*, [2023 Cal. Lexis 943 at p. *20])

Finally, Porter attempts to distinguish *Berry-Vierwinden* because in his case, the jury did not reach a verdict on the lying-in-wait special circumstance. This distinction does not impact the outcome, as it has no bearing on Porter's ability to link his claim of instructional error with the changes made by Senate Bill 1437.

In summary, we adhere to our recent decisions enforcing subdivision (a)(3) of section 1172.6. Porter did not satisfy that requirement because his claim of instructional error is not based on changes made by Senate Bill 1437. We therefore affirm the order denying his second petition for resentencing.

## IV. DISPOSITION

The order is affirmed.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.